UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE NORTHBROOK INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FELIPA CAZAREZ,<br><br>Defendant. | Case No.: 25-cv-00669-AJB-DEB<br><br>**ORDER REQUIRING PLAINTIFF TO FILE A SUPPLEMENT** |

On May 9, 2025, Plaintiff Allstate Northbrook Indemnity Company's ("Allstate") filed a Motion for Default Judgment against Defendant Felipa Cazarez ("Defendant"). (Doc. No. 7.) Plaintiff seeks "a declaratory judgment to establish it does not have extra-contractual liability to Felipa Cazarez or Martin Castro-Gonzalez in connection with Castro-Gonzalez's bodily injury claim against Cazarez." (Doc. No. 7.)

I.  BACKGROUND

The instant action involves a dispute between Allstate and Defendant over the scope of the former's obligations to indemnify the latter. (Doc. No. 1, "Compl.") Allstate issued

1

1  an automobile insurance policy to Defendant that included accident coverage of $50,000
2  per person and $100,000 per accident. (*Id.* ¶ 6.) On September 28, 2019, Defendant was
3  involved in an accident that injured Martin Castro-Gonzalez. (*Id.* ¶ 7.)

4        In May 2020, Mr. Castro-Gonzalez filed suit against Defendant in San Diego
5  Superior Court. (*Id.* ¶¶ 1, 11.) The underlying action went to trial and a jury returned a
6  verdict of more than $16.7 million in favor of Mr. Castro-Gonzalez. (*Id.* ¶ 13.) On appeal,
7  the California Court of Appeal affirmed the judgment, and then, in January 2025, the
8  California Supreme Court denied review. (*Id.*)

9        Allstate paid $50,000 as partial satisfaction of the judgment. (*Id.* ¶ 14.) However, a
10 dispute arose between Allstate and Defendant over whether Allstate has any responsibility
11 to pay any amount of the underlying judgment in excess of the $50,000 already tendered.
12 (*Id.*)

13       To resolve the dispute, Allstate initiated the instant action on March 21, 2025,
14 seeking declaratory judgment regarding its contractual obligations. (*See generally* Compl.)
15 That same day, Allstate served a copy of the summons, the complaint, the civil cover sheet,
16 and Plaintiff's notice of interested parties by leaving them at Defendant's usual place of
17 abode with Alicia Ochoa, Defendant's mother. (Doc. No. 4.) Ms. Ochoa confirmed both
18 she and Defendant reside there. (*Id.*)

19       When Defendant failed to appear or otherwise timely respond to the complaint,
20 Allstate requested an entry of default against Defendant on April 24, 2025. (Doc. No. 5.)
21 Due to Defendant's failure to defend, the Clerk of Court entered default on May 6, 2025.
22 (Doc. No. 6.) On May 9, 2025, Allstate filed the instant motion for default judgment. (Doc.
23 No. 7.)

24       A hearing on Allstate's motion will be held on **July 17, 2025**, at **2:00 PM** in
25 Courtroom 4A of the 221 West Broadway, San Diego, CA 92101 before the undersigned.
26 (Doc. No. 8.); *see also* J. Battaglia Civ. Chambers Proc. § II.
27 ///
28 ///

## II. LEGAL STANDARD

Rule 55 of the Federal Rule of Civil Procedure permits a court, following default by a defendant, to enter default judgment in a case. Fed. R. Civ. P. 55(b)(2). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the Court considers "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits" (the "*Eitel* factors"). *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In evaluating these factors, the well-pleaded factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

## III. DISCUSSION

Due to the procedural posture of this case, the record before the Court is only that which Allstate has provided. However, the Court identifies the following areas where supplementation by Allstate is required.

### A. Policy at Issue

At the heart of the instant action is the automobile insurance policy Allstate issued Defendant; however, Allstate has not provided the Court with the policy or any relevant policy language. (*See* Compl.; Doc. No. 7; *see generally* Docket.)

### B. Relief Sought

First, in both the complaint and the motion for default judgment, Allstate asserts that it seeks a declaration that "it does not have extra-contractual liability to Felipa Cazarez or Martin Castro-Gonzalez[.]" (Doc. Nos. 1, "Compl.", ¶ 1; 7-1 at 2.) Although Allstate seeks a declaration of rights against Mr. Castro-Gonzalez, he is not a party to this action and has not been served with any documents in this action.

///

Second, in its prayer for relief, Allstate seeks *inter alia* "(1) [a] declaration that Allstate did not breach any of its express or implied duties under the insurance policy;" and "(2) [a] declaration that Allstate has no liability for the amount of the Judgment in the Underlying Lawsuit that exceeds the $50,000 per person policy limit[.]" (Compl. at 5.) In the motion for default judgment, Allstate requests a default judgment declaring:

> **Allstate did not receive a reasonable demand to settle within the applicable policy limit; Allstate did not unreasonably reject a reasonable demand to settle within the applicable policy limit; without ever receiving a settlement demand or necessary medical documentation, Allstate timely tendered the applicable policy limit;** Allstate performed all of its express and implied obligations under the insurance contract; and Allstate has no duty to pay anything more than the $50,000 per-person policy limit toward the judgment obtained by Martin Castro-Gonzalez in the lawsuit, Castro-Gonzalez v. Cazarez, San Diego County Superior Court, Case No. 37-2020-00017427-CU-PA-CTL.

(Doc. No. 7-1 at 8–9 (emphasis added).) The bolded portion of Allstate's motion generally corresponds to the factual allegations of the complaint. (*See* Compl. ¶¶ 6–14.) However, there is no allegation in the complaint that Allstate *timely* tendered the applicable policy limit. (*See id.* ¶ 14.)

## IV.   CONCLUSION

The Court **ORDERS** Plaintiff file a supplement no later than **June 23, 2025,** that includes:

- A supplemental brief, **not to exceed five (5) pages**, exclusive exhibits, addressing the basis upon which the Court has jurisdiction to issue a binding order on Martin Castro-Gonzalez considering that Mr. Castro-Gonzalez is not a party to this case and has not been served with any documents in this action;
- The automobile insurance policy and declaration page at issue in the instant action; and
- A declaration under penalty of perjury attesting to the facts alleged in paragraph 6–14 of the complaint (Doc. No. 1).

Plaintiff is further **ORDERED** to serve this Order, the motion for default judgment (Doc. No. 7), and its supplement on Defendant.

**IT IS SO ORDERED.**

Dated: June 9, 2025

Hon. Anthony J. Battaglia
United States District Judge